# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4152 | **DATE** | 2/21/2001 |
| **CASE TITLE** | Martin Stempniak vs. Village of Oak Park, IL | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant's motion to dismiss (8-1) is granted in part and denied in part. Plaintiff's ADA claims are dismissed for failure to exhaust administrative remedies. Although Defendant has answered allegations in support of Plaintiff's Rehabilitation Act claim (Count III), the answer incorporates by references responses to many paragraphs to which no answer is stated. Defendant is directed to file an amended answer to Count III within 10 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **2** | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 2 3 2001 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/20/2001 | |
| ETV | courtroom deputy's initials | U1 FEB 22 PH 3: 58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN STEMPNIAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 4152 |
| | ) | |
| VILLAGE OF OAK PARK, | ) | Judge Rebecca R. Pallmeyer |
| an Illinois municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Martin Stempniak claims the Village of Oak Park discriminated against him on the basis of his disability, alcoholism, when the Village terminated his employment as a housing inspector in 1998. Counts I and II of the Amended Complaint allege violation of Title II of the Americans with Disabilities Act, and Count III alleges violation of the Rehabilitation Act of 1973. Defendant now moves to dismiss all three counts as barred by the statute of limitations. Defendant also challenges Counts I and II on the grounds that Plaintiff failed to exhaust administrative remedies as required under the Americans with Disabilities Act. For the following reasons, Defendant's motion to dismiss is granted in part and denied in part.

## FACTUAL BACKGROUND

For purposes of this motion, the court accepts the allegations of the complaint as true. The Plaintiff, Martin Stempniak ("Mr. Stempniak") alleges that he was employed by the Village

of Oak Park as a housing inspector. (Am. Compl. at 1-2.)[1] The Village received money from various federal programs, which funded some part of Mr. Stempniak's salary. (*Id.*)

Mr. Stempniak suffers from alcoholism, and the Village was aware of his disease. (Am. Compl. at 3.) On September 19, 1997, the parties entered into a "Last Chance Agreement." (Letter from Wiggins to Stempniak of 7/10/98, Ex. 1 to Pl.'s Am. Compl.) The Village agreed not to pursue Mr. Stempniak's discharge, provided that Mr. Stempniak met certain conditions. (*Id.*) One of those conditions required Mr. Stempniak to furnish medical documentation for any absences relating to his illness. (*Id.*)

During June 25-29, 1998, Mr. Stempniak suffered a relapse. (Am. Compl. at 8.) He was at home ill on June 25, 1998, and was hospitalized from June 26 to June 29, 1998. (*Id.*) Mr. Stempniak alleges that he provided the Village with medical evidence that he had been hospitalized during that period. (*Id.*) The Village requested that Mr. Stempniak provide the medical records of his hospital stay, and Mr. Stempniak refused. (*Id.* at 8-9.) As a result, on July 10, 1998, the Village wrote a letter of termination to Plaintiff, terminating his employment as of that day. (*Id.* at 9; Letter from Wiggins to Stempniak of 7/10/98, Ex. 1 to Pl.'s Am. Compl.) Mr. Stempniak received the letter on July 16, 1998. (Am. Compl. at 4.)

On July 10, 2000, exactly two years after the date of the termination letter, Plaintiff filed his initial complaint. On September 14, 2000, this court granted the Village's motion to dismiss without prejudice to the filing of an amended complaint within twenty-one days. On October 6, 2000, Plaintiff filed his amended complaint. The amended complaint asserts claims under the

---

[1]        Ordinarily, the court would cite to paragraph numbers. However, Mr. Stempniak's Amended Complaint contains multiple paragraphs with the same number.

Americans with Disabilities Act and the Rehabilitation Act of 1973, alleging that Mr. Stempniak was dismissed because of his alcoholism and that the Village failed to make reasonable accommodations for Mr. Stempniak's disability. The Village now moves again to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6), arguing that all of Mr. Stempniak's claims are barred by the statute of limitations and that his ADA claims must be dismissed due to his failure to file an administrative charge with the EEOC.

## DISCUSSION

### A.    Statute of Limitations

The Village argues, first, that Mr. Stempniak's claims are barred by the two-year statute of limitations because his amended complaint was filed more than two years after the date of his discharge.[2] Disappointingly, Mr. Stempniak offers no response to this argument. Nonetheless, the court must overrule the Village's timeliness objection.

Where a lawsuit is dismissed without prejudice, the tolling effect of the filing of the suit is erased and the statute of limitations is deemed to have continued running from whenever the cause of action accrued. *Elmore v. Henderson*, 227 F. 3d 1009, 1011 (7th Cir. 2000). Where a complaint is dismissed with anticipation of future litigation, however, the statute of limitations is deemed to have been tolled on the date of the initial complaint. *Peters v. Welsh Dev. Agency*, 920 F.2d 438, 440 (7th Cir. 1990) (citing *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304 (7th

---

[2]    Because the ADA and the Rehabilitation Act do not contain specific statutes of limitations, the most appropriate state limitations period applies. *Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 550 (7th Cir. 1996). Illinois' two-year statute of limitations for personal injury actions applies to federal civil rights claims such as the ADA and the Rehabilitation Act. *Soignier*, 92 F.3d at 551 & n. 3; *Cheeney v. Highland Community College*, 15 F.3d 79, 81 (7th Cir. 1994).

Cir.1988)). The complaint in this case was dismissed without prejudice to an amended complaint being filed within twenty-one days, clearly demonstrating that this court anticipated future action on this case. Therefore, this court's September 14, 2000 order functioned as a dismissal of the complaint, but not as a dismissal of the case. Thus, this lawsuit, originally filed on the final day of the two-year statute of limitations period, is timely.

## B.    The Administrative Charge Requirement

The Village contends that Counts I and II should be dismissed because Mr. Stempniak failed to exhaust his administrative remedies by first filing an administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Def.'s Mot. Dismiss at 5.) Title I of the ADA requires a complainant to file a charge of discrimination with the EEOC before proceeding to federal court; Title II does not have an administrative charge requirement. *Compare* 42 U.S.C. §12117 *and* 42 U.S.C. §2000e-5(a)-(e) *with* 42 U.S.C. §§12131-12134. Title I of the ADA explicitly prohibits discrimination on the basis of disability in employment. 42 U.S.C. §12112. Title II prohibits discrimination on the basis of disability in "services, programs, or activities of a public entity." 42 U.S.C. §12132. Mr. Stempniak filed his ADA claims under Title II of the ADA, but the Village argues that Mr. Stempniak's ADA claims actually fall under Title I and that the administrative filing requirement applies.

There is a split of authority among the circuit courts of appeal as to whether Title II of the ADA, titled "Public Services," applies to actions for employment discrimination, or whether Title I, titled "Employment," is the only means of bringing employment discrimination claims under the ADA. *Compare Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169 (9th Cir. 1999), *rehearing denied*, 183 F.3d 1161, *and petition for cert. filed*, 68 U.S.

L.W., 3129 (U.S. Aug. 10, 1999) (holding that Title II does not apply to employment) *with*

*Bledsoe v. Palm Beach County Soil and Water Conservation District*, 133 F.3d 816 (11th Cir.

1998), *cert. denied*, 525 U.S. 826 (1998) (holding that Title II of the ADA does encompass public

employment discrimination). The Seventh Circuit has not addressed the question. *Staats v.

County of Sawyer*, 220 F.3d 511, 518 (7th Cir. 2000) (flagging, but declining to decide the issue

of whether employment claims against public employers are cognizable under Title II of the

ADA).

Within this district, Title II has been applied to employment discrimination claims

against a public entity. *See, e.g., Dertz v. City of Chicago*, 912 F. Supp. 319, 323-324 (N.D. Ill.

1995)(Manning, J.) (police officers' challenge to their discharge considered under Title II of

ADA, though claim was employment-related), and *Silk v. City of Chicago*, No. 95-C0143, 1996

WL 312074 at *10 (N.D. Ill., June 7, 1996)(Coar, J.) (same). In *Clark v. City of Chicago*, No. 97-

C4820, 2000 WL 875422 at *5 (N.D. Ill., June 28, 2000), however, Judge Plunkett of this court

concluded that employment disputes do not fall within the purview of Title II. *Accord

Patterson v. Illinois Dept. of Corrections*, 35 F. Supp.2d 1103 (C.D. Ill. 1999) (holding that

Congress clearly intended for employment disputes, whether arising from public or private

employment, to be brought only under Title I of the ADA).

In concluding that the procedural requirements of Title I apply to employment

discrimination claims against public entities, the *Clark* court considered Congress' stated

intentions. 2000 WL 875422 at *4. The language of Title II prohibits discrimination on the

basis of a disability in "services, programs, or activities of a public entity." 42 U.S.C. §12132.

Based on the plain language of the statute, the *Clark* court determined that Title II applies to

*products* offered by public entities. 2000 WL 875422 at *4. Since employment is not a product of a public entity, the court concluded that Congress did not intend for Title II to apply to employment discrimination. *Id.* at *5. The court noted that the structure of the ADA supports the interpretation that employment discrimination claims are only to be brought under Title I. *Id.* Title I extensively addresses employment discrimination, whereas Title II does not mention employment at all. *See id.* The court further noted that "interpreting Title II to encompass employment would make many of Title I's provisions redundant." *Id.* at *6. The *Clark* court concluded that in light of Congress' clear intentions that employment discrimination be covered only by Title I, a regulation to the contrary promulgated by the U.S. Attorney General[3] was entitled to no weight. *Id* at *6.

The court finds Judge Plunkett's analysis persuasive. Employment discrimination claims such as Mr. Stempniak's are to be brought only under Title I of the ADA. The only remaining question is whether Mr. Stempniak has met the requirements of Title I, namely, whether he filed an administrative complaint with the EEOC. The Village asserts that Mr. Stempniak never filed such a charge, (Def.'s Mot. Dismiss at 2), and Mr. Stempniak has not contested that assertion. Therefore, the Village's motion to dismiss Counts I and II is granted.

The Village has not challenged Count III, the Rehabilitation Act claim, on the basis of failure to exhaust. That count stands.

---

[3]     28 CFR § 35.140(a), promulgated under Title II of the ADA, states: "No qualified individual with a disability shall, on the basis of disability, be subjected to discrimination in employment under any service, program, or activity conducted by a public entity."

## CONCLUSION

For the foregoing reasons, the Village's motion to dismiss is granted in part and denied in part.

ENTER:

Dated: February 21, 2001

REBECCA R. PALLMEYER
United States District Judge